# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:25-mj-00062-SKO |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

**FILED**

**Jun 06, 2025**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the

_____ District of _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| | |

This criminal complaint is based on these facts:

❑ Continued on the attached sheet.

_____
*Daniel Larralde*
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____

_____
*Sheila K. Oberto*
*Judge's signature*

City and state: _____

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | |
| v. | |
| JAVIER PACHECO TORRES, | AFFIDAVIT OF DEA TASK FORCE OFFICER DANIEL LARRALDE |
| Defendants. | |

I, Daniel Larralde, being duly sworn, hereby depose and state as follows:

## I.   **INTRODUCTION**

1.     This affidavit is in support of a Complaint and arrest warrant for Javier Pacheco Torres charging him with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), possession with the intent to distribute methamphetamine. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves only to establish probable cause for the arrest of Romero.

## II.   **AFFIANT'S BACKGROUND**

2.     I am a Task Force Officer ("TFO") with the United States Drug Enforcement Administration ("DEA"), presently assigned to the Fresno Resident Office Task Force Group 1. I am duly sworn and deputized in accordance with United States Code Title 18 and Title 21. As a TFO I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

3.     I have been employed as a TFO for approximately six years. As part of my daily duties as a DEA TFO, I investigate narcotics offenses in violation of 21 USC § 841(a)(1). I have also been employed as a Deputy Sheriff with the Fresno County Sheriff's Office for over 20 years. I have received training in the area of federal narcotic offenses and am a graduate of the Peace Officer Standards and Training

(P.O.S.T) basic Peace Officer Academy. I received my bachelor's degree in Criminology from California State University Fresno, CA.

4.      I was assigned as a narcotics Detective for the Fresno County Sheriff's Office where I investigated drug trafficking, drug manufacturing and the activities of drug trafficking organizations from January 2015 through December 2018. From January 2018 to present I have been assigned to the DEA Fresno Area Surveillance Team (FAST). I have participated in numerous investigations including, gangs, drugs, firearms, violent crimes, and others. My law enforcement experience includes conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for and executing search warrants, handling confidential informants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence. Through my training and experience as a law enforcement officer I have become familiar with the gang sub-culture and drug sub-culture including knowledge of controlled substance and firearms violations.

5.      The facts in the affidavit come from personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

### III.    APPLICABLE LAW

6.      Title 21, United States Code, Section 841(a)(1) prohibits any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. § 841(a)(1).

### IV.    SUMMARY OF PROBABLE CAUSE

7.      On June 3, 2025, Fresno Sheriff's deputies stopped Javier Pacheco Torres for traffic violations while driving northbound on Interstate 5 in Fresno County. During the stop, Torres consented to deputies searching his car. While searching Torres' car, deputies found and seized 20 pounds of methamphetamine which were in white plastic bags under the rear seat of the vehicle.

### V.    PROBABLE CAUSE

**A.    Fresno Sheriff's Deputies Pulled Over Torres' Car for Having a Defective**

**Windshield and a Missing Front License Plate.**

5.      On June 3, 2025, at about 2:05 PM, Fresno County Sheriff's Office ("FCSO") Deputy Juan Guzman was working domestic highway enforcement in a marked Sheriff's vehicle. While travelling northbound on Interstate 5 ("I-5") in the number 2 lane, Deputy Guzman saw a white GMC Acadia vehicle approaching him in the number 1 lane.

6.      As the car approached, Deputy Guzman saw that the vehicle had ~~not~~ no front license plate, in violation of California Vehicle Code section 5200 and also had a cracked windshield, in violation of California Vehicle Code section 26710.

7.      Based on the car not having a front license plate and having a cracked windshield, Deputy Guzman turned on his lights and pulled over the car on Interstate 5 near El Dorado Rd. in Fresno County, California.

**B.      Torres Consented to Sheriff's Deputies Searching His Car During the Traffic Stop.**

8.      Deputy Guzman approached the car and spoke to the driver and sole occupant, later identified as Javier Pacheco Torres. Deputy Guzman advised Torres of the reason for the stop and requested his driver's license, registration and proof of insurance. Torres gave Deputy Guzman the registration, proof of insurance, but not his driver's license. Deputy Guzman asked Torres for his driver's license a second time and Torres said he had the front license plate in the rear cargo area of the vehicle. Torres exited his vehicle and opened the rear cargo hatch and showed the license plate to Deputy Guzman. Deputy Guzman asked Torres for his driver's license a third time but Torres was still slow to produce it. Deputy Guzman had Torres accompany him by his vehicle while Deputy Guzman conducted the enforcement action and check his information. While Deputy Guzman waited for Torres to produce his driver's license, he asked Torres where he was coming from. Torres said he was coming from Fresno where he was visiting a friend. Deputy Guzman thought this was not truthful due to Fresno being more than 1 hour north east of their current location and they were headed the wrong way to be coming from Fresno. Torres was unable to remember what area of Fresno he had visited.  Torres eventually produced a Washington state driver's license.  Deputy Guzman conducted a records check on Torres and had a conversation with him while waiting for the records check return. While by the patrol vehicle's dash camera, Deputy Guzman asked Torres if he had any firearms, large amounts of money or illegal drugs in

the vehicle and Torres replied, "no." Deputy Guzman then asked Torres if he could search the vehicle and Torres replied "yes". Deputy Guzman asked Torres if he could use his dog and Torres again said "yes". While Deputy Guzman waited for his backup officer, he placed Torres in the back of the Sheriff's vehicle due to him residing in California and not possessing a California driver's license in addition to Torres stating he had a warrant for his arrest.   Deputy Guzman lowered the patrol vehicle window and advised Torres to let him know if he wanted him to stop his search. After placing Torres in the patrol vehicle, Deputy Guzman told Torres to be honest and asked him if there was anything in the vehicle at which point Torres slightly nodded his head up and down.

## C.    Sheriff's Deputies Discovered 20 Pounds of Methamphetamine on the rear floorboard of the Vehicle.

9.     Deputy Guzman retrieved his narcotics K-9 "Gere" from the patrol vehicle and directed him to conduct a free air sniff. Gere immediately jumped into the vehicle via the open rear hatch and sniffed the rear seat area and gave a positive alert to the presence of the odor of narcotics and began to scratch under the rear seat. Deputy Guzman had Gere search the remainder of the vehicle and then took Gere to the rear cargo area to locate the exact location of the odor. Gere sniffed some luggage then made his way to the rear seats and stood over some white colored plastic bags which were on the rear floorboard of the vehicle. Gere gave a positive alert to the odor of narcotics emitting from the plastic bags. Deputy Guzman retrieved Gere and placed him back into the patrol vehicle.

10.     At about 2:17 PM, Deputy Jose Colegio arrived on scene to assist Deputy Guzman. Deputy Guzan advised Deputy Colegio of the positive K-9 alert and they both searched the vehicle. Deputy Guzman looked in the white plastic bags from the rear floorboard and located several packages wrapped in aluminum tape. Deputy Guzman opened one of the packages and saw a white crystal-like substance which based on his training and experience he recognized as being methamphetamine. In total, Deputy Guzman retrieved 5 plastic bags from the rear floorboard area of the vehicle. Each bag contained packaged methamphetamine that were wrapped in aluminum foil tape. Each package had numbers written on them with their corresponding weights. Two packages had "5 ½", one had "1 ½", one had "5" and the last had "2 ½". All of the packages were later weighed and had a total weight of about 20 pounds. See Figure 1.

**Figure 1: Plastic bags containing 20 Pounds of Methamphetamine From the Rear Floorboard**



11.    Deputy Guzman advised Torres that he located the narcotics inside of the vehicle and advised him of his Miranda rights. Torres acknowledged that he understood his rights and waived them. Torres said he had two cell phones and the cell phone on his person was his personal phone and the second cell phone was for work and was located by the driver's side door. Torres said the narcotics inside of the packages was methamphetamine and that he was getting paid to transport the methamphetamine from Bakersfield to San Jose.

### D.    The Packages Tested Positive for Methamphetamine.

12.    In total, deputies seized 20.8 pounds of methamphetamine from the vehicle. Deputies transported the methamphetamine to the Fresno County Forensic Laboratory for testing and on June 4, 2025 the Forensic Laboratory results indicated the substance to be positive for methamphetamine in the amount of 20.8 pounds.

### VI.    CONCLUSION

8.    On the basis of the aforementioned facts and circumstances described in this Affidavit, it is my belief that there is probable cause to believe that Torres violated Title 21, United States Code

1    Sections 841, Possession with Intent to Distribute a Controlled Substance.

2        I declare under penalty of perjury under the laws of the United States that the foregoing is true and

3    correct to the best of my knowledge.

4

5

6                                  _Daniel Larralde_
                              Daniel Larralde, Task Force Officer

7                                  Drug Enforcement Administration

8        This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by

9    telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3) on June 5, 2025.

10

11

12   _Sheila K. Oberto_

13   Hon. Sheila K. Oberto
     United States Magistrate Judge

14

15   Reviewed as to form:

16   /s/ Kimberly A. Sanchez

17   KIMBERLY A. SANCHEZ
     Assistant U.S. Attorney

18

19

20

21

22

23

24

25

26

27

28